UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-CV-11115-RGS

ATARI ABIA ENDSLEY

v.

MARRIOTT INTERNATIONAL, INC.
ROSA PEREIRA, LENETTE MIRON,
CITY OF BOSTON, EDWARD DAVIS, COMMISSIONER,
STEVE PASCIUTO, and ETHAN GREY

DEFENDANT LENETTE MIRON and DEFENDANT CITY OF BOSTON'S
MOTIONS FOR MORE DEFINITE STATEMENTS

August 4, 2010

STEARNS, D.J.

In a verbose 97-page, 490-paragraph Complaint, plaintiff Atari Abia Endsley alleges that defendants collectively violated his civil rights, committed various torts, and breached an innkeeper's contract.[1] For the most part, the claims appear to arise out of an incident on November 15, 2009, when a hotel housekeeper at a Residence Inn in Boston reported seeing a handgun in Endsley's room. Boston Police were alerted and Endsley was arrested as he left the Inn. Lenette Miron, an Inn employee, appears to be named as a defendant for having permitted Boston Police to use a hotel conference room to question Endsley. Miron and defendant City of Boston ask that Endsley be ordered to provide a more definite statement as to the claims he is pressing against them.

---

[1] Plaintiff's Complaint alleges "negligence, vicarious liability, breach of contract, section 1983 [civil rights] violations, false arrest and imprisonment, unfair and deceptive business practices, fraudulent misrepresentation, and malicious prosecution." Complaint at 1.

Federal Rule of Civil Procedure 12(e) provides that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

After a review of the Complaint, the court agrees that the substance of Endsley's claims against the named defendants is indecipherable. Endsley makes numerous factual allegations without relating them to his claims or to the November 15, 2009 arrest which seems to have incited the Complaint. Many paragraphs of the Complaint simply quote (in part or in their entirety) state and federal statutes, the Second, Fourth, and Fourteenth Amendments to the United States Constitution, rulings by courts of the United States and the Commonwealth of Massachusetts, the Federal Rules of Evidence, and portions of the Uniform Commercial Code, all without stating their relevance to the facts or any claim for relief.  See Complaint ¶¶ 9-17, 244-257, 274-283, 327-374, 401-423, 434-436. Accordingly, the motions for a more definite statement are ALLOWED.  Plaintiff will have fourteen (14) days to submit a Complaint plainly stating his claims against Miron and the City of Boston.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE